HALLMAN *v.* COKER.

Opinion delivered January 17, 1921.

BRIDGES—BRIDGE DISTRICT ACT VOID FOR INDEFINITENESS.—Acts 1920, No. 263, § 1, creating a bridge district "for the purpose of building, repairing, relocating or constructing highway bridges across the Caddo River and Little Missouri River and such other streams as in the opinion of the commissioners need bridging, at such points across said streams as the commissioners hereinafter may select," *held* void for failure to describe the character and extent of the improvement.

Appeal from Pike Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellants.

The court below held that the district was void because it provided for the building of several bridges on different roads and therefore lacked unity. This court has not held a district void for lack of unity. No provision of the Constitution is violated here by the act, and the court erred in sustaining the demurrer. Act 263,

Acts 1920; 95 Ark. 496; 102 *Id.* 306; 100 *Id.* 366; 107 *Id.* 290, 413; 224 S. W. 622; 125 Ark. 325; 139 *Id.* 595; 109 *Id.* 568. While the rule of unity suggested in various dicta of this court is a mistake, even if the rule is enforced, it will not justify the ruling below.

*Otis Gilleylen,* for appellee.

There are two questions involved here: (1) Whether or not the act is void because it confers upon the commissioners a "roving" commission, and (2) whether or not the improvements contemplated in the act render it void for want of unity. The act is too vague and indefinite to be capable of enforcement. 118 Ark. 111. It is a hasty piece of legislation, full of uncertainties and indefiniteness and violates our law. 118 Ark. 119; 120 *Id.* 510; 118 *Id.* 294; 125 *Id.* 325.

HART, J. Appellee, an owner of real property in Pike County, brought this suit in equity against appellants to enjoin them from further proceeding as commissioners in constructing bridges under act 263 of the extra session of 1920, of the Arkansas Legislature.

The defendants interposed a demurrer to the complaint. The chancellor overruled the demurrer, and, the defendants declining to plead further, it was decreed that they should be restrained from proceeding further as commissioners of Pike County Bridge District, and the issuing of bonds or levying of taxes under the provisions of said act. The defendants have appealed.

Act 263 was passed at the extra session of the Arkansas Legislature held in 1920. Section 1 of the act reads as follows:

"That all of townships 5 and 6 south in Pike County and all incorporated towns situated on any part of said land, all railroads and tramroads located on any part of said land above described, are hereby formed into an improvement district, to be known as Pike County Bridge District No. 1, for the purpose of building, repairing, relocating or constructing highway bridges across the Caddo River and Little Missouri River and such other

streams as in the opinion of the commissioners need bridging, at such points across said streams as the comsioners hereinafter may select."

Other sections provide for the issuance of bonds, the assessment of benefits and the collection of special assessments on the real property situated within the boundaries of the district.

It is difficult to state an exact rule as to what extent a statute must go in describing an improvement, and we do not attempt to do so in this case. We deem it sufficient to say that section 1, which attempts to describe the improvement, is too vague and indefinite to be capable of enforcement. No intelligent idea of the character and extent of the improvement can be obtained from the statute. Therefore it can not be upheld, and the decree will be affirmed.